UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUDY GUZMAN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-158 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

In this petition filed pursuant to 28 U.S.C. § 2254, Petitioner requests appointment of counsel (D.E. 11). Petitioner cites to Texas law, which does not apply to this case. In federal court, there is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process was ordered on May 9, 2017 (D.E. 6), and Respondent's motion for summary judgment was filed on July 28, 2017 (D.E. 13). Petitioner's response is due on **Monday, August 28, 2017,** and at this point there are no issues mandating an evidentiary hearing.

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues which mandate a hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th

1 / 2

Cir. 1995). Accordingly, petitioner's motion for appointment of counsel (D.E. 11) is denied without prejudice.

All relief not granted by this order is DENIED.

ORDERED this 17th day of August, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE