UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RUDY GUZMAN, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-158 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER DENYING
## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner, an inmate incarcerated at the Chase Field Trusty Camp of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) filed this petition pursuant to 28 U.S.C. § 2254 petition challenging the calculation of his credit for time served (D.E. 1). On October 5, 2017, a Memorandum and Recommendation to the District Court was entered, recommending that Petitioner's petition be dismissed as time barred (D.E. 15). Pending is his motion for appointment of counsel (D.E. 17).

Although Petitioner has demonstrated that he is indigent and has been allowed to proceed *in forma pauperis,* there is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. A recommendation is before the District Court to dismiss the petition as time-barred because it was filed almost three years too late (D.E. 15). At this point there are no issues mandating an evidentiary hearing.

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if the District Court rejects the recommendation and if there are issues which mandate a hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995). Accordingly, petitioner's motion for appointment of counsel (D.E. 17) is denied without prejudice.

ORDERED this 11th day of December, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE